[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a wholesale vendor of seafood and restaurant products, seeks to recover of the defendant Michael Dowie payment of the amount due for food products sold to Madison Seafood, a business as to which the defendant-Dowie was one of three partners.[1] The unpaid sales, which were made on an open account, occurred between June and December 1993, and it is the plaintiff's claim that there remains a principal balance due and owing in the amount of $12,679.52.
It is the plaintiff's contention that the defendant along with another partner made written application for and was granted continuing credit which, pursuant to the approved terms, renders him liable for the entire amount, together with costs and attorney's fees. The instrument on which the plaintiff relies is entitled "Ocean Fresh Seafood Credit Application and Update" (Pl. Exh. 1). It was executed by the defendant-Dowie on July 13, 1990. The form, although furnished by the plaintiff, bears no signature of any one associated with the plaintiff. Likewise, it does not provide how or when its terms are to become effective or specify the term it is to remain in effect.
The defendant argues that, although he was a partner in the business commencing in May 1990, he terminated his relationship in early 1991 and had no role in the business thereafter. He concedes that he gave no notice to the plaintiff of his severance of connection with the business, pointing out that on the date thereof no moneys were owed to the plaintiff. The defendant claims that his first notice of the claimed debt was at the time suit papers were served upon him in February 1995.
The defendant also argues, emphatically so, that no credit agreement was entered into with the plaintiff while the defendant was a partner, the request for credit being nothing more than an application therefor which was never formally acted upon or approved by the plaintiff. Payment for products purchased in 1990, the defendant urges, was made by check at the time of delivery, and that in effect no credit was extended.
The evidence discloses that following termination of the defendant's interest in the business its name was changed to Madison Seafood, Ltd. The defendant's former partner, the co-defendant, Loren J. Gardner, testified that at that time he notified a representative of the plaintiff of the partnership break-up and that the defendant was no longer connected with the business. In this connection, the plaintiff's credit manager CT Page 10241 testified that in 1991 it was brought to her attention that the defendant "was no longer active in the daily business of the company."
It is the court's finding that the purported agreement on which the plaintiff relies is nothing more than the defendant's offer to buy the plaintiff's food products on certain terms of credit which the application form describes. Apart from the fact that no officer of the plaintiff-company has signed its printed form, no time of performance or term of the agreement is specified. Under the circumstances, even if an agreement had been reached, it would have been unenforceable beyond a term of three months. Sec. 42a-2-205, Conn. Gen. Stat.
By the same token, the plaintiff's contention that the defendant, in order to avoid liability, was required to give reasonable notice of termination of his business relationship (Sec. 42a-2-309(3), Conn. Gen. Stat.) is unsupported by the facts; more particularly, knowledge thereof which representatives of the plaintiff had long since possessed.
The plaintiff seems to imply that the court should construe the "Application" as a form of continuing guaranty:
 "This offer was unconditional and unambiguous with respect to his obligation to pay for goods delivered. . . ." Plaintiff's Claims of Law, #2.
In fact, the word guaranty is never used, but, even if it were, "a continuing guaranty . . . unlimited as to duration, imposes liability on a guarantor only for such a period of time as is reasonable in light of all of the circumstances of the particular case. Monroe Ready Mix Concrete, Inc. v. Westcor DevelopmentCorp. , 183 Conn. 348, 351 (1981). Under all of the circumstances, it is hardly reasonable to impose liability on one who had no connection with the debt sought to be guaranteed, or for over two years, with the company which incurred it.
For the reasons stated above, judgment may enter in favor of the defendant.
Gaffney, J.